■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS DI MAGGIO, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County, which dismissed a writ of habeas corpus. Appellant's contention is that he was placed in double jeopardy by reason of the following facts. He was tried in the Court of General Sessions of New York on an indictment containing four counts. 1. burglary third degree; 2. attempted grand larceny first degree; 3. possession of burglar's instruments after a prior conviction; 4. burglary third degree. Appellant was convicted on counts 1 and 4, but was acquitted on counts 2 and 3. When he was about to be sentenced an information was filed against him charging him with having been previously convicted of a felony. The record indicates that he admitted this charge, and thereupon he was sentenced as a second felony offender. Appellant contends that since the People elected to accuse him of the possession of burglar's instruments after a prior conviction, and the jury having acquitted him of that crime, he could not

thereafter be charged by information as a second offender and sentenced accordingly. We do not so construe the record. The crucial count in the indictment did not merely charge appellant with being a second offender, it accused him of the possession of burglar's tools as a second offender. For aught that can be found in the record the jury may have determined the proof insufficient to find appellant guilty of possessing burglar's tools, without any reference to a prior conviction. Hence there was no bar to the filing of an information against him charging him as a second offender without reference to the possession of burglar's tools. Order affirmed. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.